# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7214 | **DATE** | 6/6/2012 |
| **CASE TITLE** | Linda L. Royster vs. United Parcel Service, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss Plaintiff's Amended Complaint [19] is granted.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is Defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss Plaintiff Linda L. Royster's ("Royster") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). A plaintiff, however, may plead himself out of court by "pleading facts that show he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted). "Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted).

At issue is whether Royster timely filed her Amended Complaint which alleges age discrimination and Title VII violations. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935. Upon receipt of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), a claimant has 90 days within which to bring a civil action against the respondent named in the charge. See 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1); see also DeTata v. Rollprint Packaging Prods., 632 F.3d 962, 967 (7th Cir. 2011) ("[T]he 90-day period does not start running until the claimant ... actually receives the right-to-sue letter from the EEOC."). The EEOC mailed the right-to-sue letter to Royster on July 18, 2011. UPS assumes, and Royster has not contested, that the letter took approximately 5 days to reach her, marking the expiration of the 90-day period on or around October 21, 2011.

Royster timely filed her original Complaint on October 12, 2011. UPS filed a motion to dismiss on November 23, 2011. Royster filed a motion for leave to file an amended complaint on December 16, 2011. On December 22, 2011, the Court granted both motions, and Royster filed her Amended Complaint. Because the Court

dismissed the original Complaint without prejudice, the statute of limitations was no longer tolled by the original filing and Royster's subsequent Amended Complaint had to be filed within the applicable 90-day period—which had expired. "When a federal civil action is dismissed without prejudice, the statute of limitations runs continuously." Lee v. Cook Cnty., 635 F.3d 969, 971 (7th Cir. 2011). "[A] suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (citations omitted). Therefore, Royster's Amended Complaint, filed on December 22, 2011, is time-barred.

Royster argues that the statute of limitations should be tolled in accordance with Federal Rule of Civil Procedure 15(c) because her Amended Complaint relates back to her original timely filed Complaint. This argument is without merit, however, because the Court dismissed the original Complaint, leaving nothing to which the Amended Complaint could relate back. See Newell v. Hanks, 283 F.3d 827, 834 (7th Cir. 2002) (stating that the "relation back" doctrine with regard to a new habeas petition would not apply if the original habeas petition had been dismissed). Royster argues that relation back is, "the only logical and reasonable intention of the Court." Even if that was true, "[d]istrict judges lack authority to extend statutory periods of limitations." Lee, 635 F.3d at 972; see id. ("Although a dismissal without prejudice [normally] is not final ... when the decision effectively precludes re-filing ... it is treated as final and appealable."); Luevano v. Wal-Mart Stores, Inc., No. 10 C 3999, 2011 WL 1113401, at *2 (N.D. Ill. Mar. 24, 2011) (granting a motion to dismiss when the plaintiff failed to re-file within the 2 days remaining on the 90-day period following a previous dismissal without prejudice); Cannon et al. v. Panasonic et al., No. 11 C 3417, slip op. at 2 (N.D. Ill. filed Mar. 6, 2012) ("[W]hen the court dismissed plaintiff's original complaint and terminated the case, even though without prejudice, it was already too late ... to file an amended complaint ... even though the court granted the plaintiff's until October 18, 2011, to file.") (internal citations omitted). Accordingly, the Court rejects Royster's argument.

Lastly, Royster argues that even if her Amended Complaint is not timely, she is entitled to equitable tolling of the statute of limitations. The party invoking the doctrine of equitable tolling has the burden of establishing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (stating that equitable tolling is appropriate when there are extraordinary circumstances beyond the litigant's control). Royster fails to meet this burden. Royster alleges that it was extraordinary and unforeseeable "that Defendant's Motion to Dismiss would be granted and the case literally dismissed, a day prior to presentment of Plaintiff's motion to Amend and a day prior to her response to Defendant's Motion being due...." Pl.'s Mem. of Law in Opp. of Mot. to Dismiss 9. It is neither extraordinary nor unforeseeable, however, that granting the motion to dismiss "literally dismissed" the case since this was the relief requested. See Lee, 635 F.3d at 973 (stating that a dismissal without prejudice is not an extraordinary circumstance). Furthermore, unlike Prince v. Stewart, this is not a case where the Court lulled a pro se litigant into believing that he had done everything required, thereby justifying equitable tolling. 580 F.3d 571, 574-75 (7th Cir. 2009). In this case, the Order did not specify that an amended complaint would be timely, and Royster is represented by counsel who is charged with monitoring the statute of limitations. See Luevano, 2011 WL 1113401 at *3 (denying equitable tolling and stating that, "The Court did not advise [plaintiff] that she had met the 90 day deadline ... [n]or did the Court suggest that the 90 day period had somehow been extended.").

The consequences of the Court's Order were not extraordinary but rather the result of Royster's own delay. Royster had 21 days to file an amended complaint as a matter of course after UPS filed its motion to dismiss. See Fed. R. Civ. P. 15(a)(1)(B). By not doing so, Royster risked dismissal before a future amended complaint could be filed that would relate back to the original. See Fed. R. Civ. P. 15(c). In addition, Royster had 23 days in which to respond to UPS's motion to dismiss, but chose not to file a response. Instead, Royster elected to wait and seek leave to file an amended complaint. Regardless of whether Royster diligently pursued her rights, she is not entitled to equitable tolling for choosing a litigation strategy that was ultimately unfavorable; as this decision was within her control, it does not constitute an extraordinary circumstance.

Because the Amended Complaint is time-barred, the Court need not decide whether it satisfies pleading requirements for adverse employment actions. For the foregoing reasons, UPS's motion to dismiss is granted.

IT IS SO ORDERED.