# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7214 | **DATE** | 10/30/2012 |
| **CASE TITLE** | Linda L. Royster vs. United Parcel Service, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff's Motion for Leave to File a Second Amended Complaint [31] is granted.

☒ [ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Linda L. Royster's ("Plaintiff") Motion for Leave to File a Second Amended Complaint. For the following reasons, the motion is granted.

Courts should freely grant parties leave to file amended complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2); Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 943 (7th Cir. 2012). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." Gevas v. Mitchell, No. 11-2740, 2012 WL 3554085, at *4 (7th Cir. Aug. 20, 2012) (quoting Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010)). "A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile." Id.

On October 12, 2011, Plaintiff filed a one-count complaint alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. against her employer, Defendant United Parcel Service, Inc. ("Defendant" or "UPS"). Thereafter, on December 22, 2011, Plaintiff filed her First Amended Complaint adding a claim for racial discrimination pursuant to Title VII, 42 U.S.C. § 2000e, et seq. On June 6, 2012, the Court dismissed Plaintiff's entire First Amended Complaint for failure to meet the applicable statute of limitations under both the ADEA and Title VII, which require a plaintiff to bring a civil action within ninety days upon the receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). See Minute Order, June 6, 2012. On July 2, 2012, Plaintiff filed the instant motion for leave to file a one-count second amended complaint alleging racial discrimination in violation of 42 U.S.C. § 1981, et seq.

Defendant raises several objections to Plaintiff's motion, arguing that: (1) Plaintiff is precluded from seeking leave to file an amended complaint because she failed to ask the Court to set aside its judgment dismissing her First Amended Complaint; (2) the Court should deny Plaintiff's request to amend due to undue delay in filing a claim that is based on the same facts and information underlying her previous claims; (3) it would be futile to allow Plaintiff to file an amended complaint because her claim is barred by res judicata; and (4) it would be futile to allow Plaintiff to file an amended complaint because "she still fails to plausibly allege that [Defendant] engaged in any actionable discrimination against her." Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Second Am. Compl. 1.

As an initial matter, the Court rejects Defendant's argument that the dismissal of Plaintiff's First Amended Complaint without prejudice under Federal Rule of Civil Procedure 12(b)(6) constituted a final judgment on the merits. The Court dismissed the claims within Plaintiff's First Amended Complaint as a result of Plaintiff's failure to file within the applicable statute of limitations period. The Court has never entered a judgment for Defendant or instructed the Clerk to enter a Rule 58 judgment. Plaintiff has not filed a new lawsuit, but rather seeks to file an amended complaint within the same ongoing action. While it is true that "even if a court dismisses claims without prejudice, [courts] assess finality by whether the district court has finished with the case," it is clear that this Court has not finally disposed of this matter. Czarniecki v. City of Chi., 633 F.3d 545, 549 (7th Cir. 2011) (internal quotation marks and citation omitted). Because there has not been a final judgment in the instant action, Plaintiff was not required to file a Rule 59 or Rule 60 motion to set aside the judgment before seeking leave to file an

amended complaint; nor is Plaintiff's proposed claim barred by principles of res judicata.

Next, Defendant asserts that Plaintiff should be denied leave to file an amended complaint because of undue delay. For purposes of determining whether there has been undue delay, courts rely on the principle that "the longer the delay, the greater presumption against granting leave to amend." Johnson v. Cypress Hill, 641 F.3d 867, 872 (7th Cir. 2011). However, "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason . . . is prejudice to the non-moving party." Dubicz v. Commonwealth Edison Co., 377 F.3d 787, 793 (7th Cir. 2004) (internal citation omitted). Because Plaintiff's proposed § 1981 claim is essentially identical to her previous Title VII claim, the prejudice to Defendant, if any, in waiting to add this claim would be minimal. See Dass v. Chi. Bd. of Educ., 675 F.3d 1060, 1068 (7th Cir. 2012) ("Discrimination claims under Title VII and § 1981 are nearly identical."). While Plaintiff could have brought this claim earlier, the litigation is still in the initial stages, and as such, any delay has not been undue. Accordingly, the Court rejects Defendant's argument that undue delay precludes the filing of an amended complaint.

Finally, Defendant argues that it would be futile to allow Plaintiff leave to file an amended complaint because she has failed to plausibly allege an adverse employment action in her claim for racial discrimination. "A district court may deny a motion to amend if the amendment would not cure the original deficiencies, or could not survive a motion to dismiss." Gevas, 2012 WL 3554085, at *5. Defendant alleges that Plaintiff has not plausibly pleaded an adverse employment action sufficient to survive a motion to dismiss. "A materially adverse employment action is more than a mere inconvenience or an alteration of job responsibilities." Dass, 675 F.3d at 1069. "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." Id. (quoting O'Neal v. City of Chi., 392 F.3d 909, 911 (7th Cir. 2004). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." Traylor v. Brown, 295 F.3d 783, 788 (7th Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff is employed as a Supervisor in the Training Department at UPS. According to Plaintiff, "Training Department Supervisors could be assigned to various tasks, including administrative tasks within the Training Department, as well as training various employee positions, including loaders, unloaders, and sorters." Pl. Mot. for Leave to File Second Am. Compl. Ex. A ¶ 10 (emphasis added). Plaintiff alleges that she "was consistently assigned to train loaders, which is the most physically demanding Training Supervisor task . . . and is a more hazardous Training Department Supervisor task in terms of risk of injury than is other tasks." Id. ¶ 11. Plaintiff claims that she suffered various injuries as a result of being assigned to this particular task. Plaintiff further alleges that "other non-Black Training Department Supervisors . . . were consistently assigned to safer administrative duties within the Training Department as well as training employees in safer, non-loading positions" even though Plaintiff specifically requested "that she be assigned to safer and less hazardous tasks . . . more frequently." Id. ¶¶ 14, 16. The Court agrees with Defendant that Plaintiff fails to plausibly allege an adverse employment action in her proposed amended complaint. At most, Plaintiff's pleadings amount to a dissatisfaction with her specific job assignments, but do not rise to the level of a materially adverse employment action. As pleaded, Plaintiff's position, benefits, and responsibilities as a Training Supervisor remain the same. Because of the deficiencies, Plaintiff's proposed amended complaint would be unable to survive a motion to dismiss. Accordingly, the Court rejects Plaintiff's proposed amended complaint as pleaded, but otherwise grants her leave to file a sufficient amended complaint.

"Prejudice or delay sufficient to justify the denial can occur when the plaintiff has already received a chance to amend his complaint to fix flaws cited in a motion to dismiss, but failed to do so." King v. Schieferdecker, No. 11-3225, 2012 WL 5259204, at *2 (7th Cir. Oct. 25, 2012). However, in the instant action, Plaintiff's previous complaint was dismissed based upon the expiration of the statute of limitations, a problem which does not exist in her new proposed claim. Therefore, Plaintiff is granted one final chance to file an appropriate amended complaint on or before November 19, 2012.

IT IS SO ORDERED.